
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **PHYSICIANS FOR SOCIAL RESPONSIBILITY-LOS ANGELES; NATURAL RESOURCES DEFENSE COUNCIL; COMMUNITIES FOR A BETTER ENVIRONMENT**, | No. 12-70079 |
| Petitioners, | |
| v. | |
| **U.S. ENVIRONMENTAL PROTECTION AGENCY**, | **MEMORANDUM**[*] |
| Respondent, | |
| **THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT; THE SOUTHERN CALIFORNIA ASSOCIATION OF GOVERNMENTS**, | |
| Respondents-Intervenors. | |

On Petition for Review of an Order of the
United States Environmental Protection Agency

Argued and Submitted October 22, 2014
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     **THOMAS**, Chief Judge, and **KOZINSKI** and **GOULD**, Circuit Judges.

1.  EPA's approval of the enforceable commitment wasn't arbitrary and capricious.  EPA reasonably applied its three-part test for evaluating such commitments in concluding that: (1) the commitment was sufficiently limited because it addressed reductions of about 10% for three pollutants, which is roughly within the range EPA has historically accepted; (2) the state was capable of fulfilling the commitment based on a number of ongoing and yet-to-be-quantified measures; and (3) the commitment's two-and-a-half-year duration was reasonable, given that the state had already launched many emissions-reduction measures.  See 76 Fed. Reg. 41,562, 41,575–77 (July 14, 2011); 76 Fed. Reg. 69,928, 69,944–45 (Nov. 9, 2011).

2.  The commitment was sufficiently enforceable because it "require[s] California to meet specific reductions by specific deadlines," rather than merely setting forth "aspirational, unenforceable goals."  See Comm. for a Better Arvin v. EPA, Nos. 11-73924, 12-71332, __ F.3d __, 2015 WL 2384556, at *8 (9th Cir. May 20, 2015).

**3.** The state implementation plan doesn't impermissibly ignore pollution in near-highway areas because the monitoring guidelines explicitly specify that states generally need not monitor "microscale" or "middle scale" areas, which include "traffic corridors" and areas "along traffic corridors." 40 C.F.R. Pt. 58, App. D, § 4.7.1(c)(1)–(2).

**DENIED.**